CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 23 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RUTH SULLIVAN, | ) |
| | ) CASE NO. 3:08CV00045 |
| | ) |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |
| | ) |
| Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's October 21, 2004 protectively-filed claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision dated July 28, 2006, an Administrative Law Judge ("Law Judge") found that, while she suffered with degenerative disc disease of the knees and back, obesity and depression, she possessed the residual functional capacity ("RFC") to perform a range of simple, unskilled light work. (R. 317-318.) Although this RFC further was found to preclude plaintiff

from performing her past relevant work ("PRW"), the Law Judge determined that other jobs existed in the national economy which she could perform prior to her date last insured. (R. 320.) Thus, plaintiff was found not disabled under the Act. (R. 321.)

Plaintiff sought review of the July 28, 2006 decision, and the Appeals Council determined that further review was necessary. On April 25, 2007, the Appeals Council entered an Order remanding the case to an ALJ for further proceedings. (R. 328-329.)

A supplemental hearing was held on July 11, 2007. (R. 398-439.) The Law Judge then issued a decision on October 26, 2007, in which he found that plaintiff had not engaged in substantial gainful activity since sometime in 2003[1] through the date she was last insured for benefits, September 30, 2004. (R. 19-20.) The Law Judge further found that, through the date she was last insured, plaintiff had the following severe impairments: degenerative joint disease of the knees and back, obesity, and depression. (R. 21.) The Law Judge determined that these impairments, viewed individually or in combination, were not severe enough to meet or equal a listed impairment. (R. 25-26.) The Law Judge was of the view that, although plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of her symptoms through her date last insured were "not entirely credible." (R. 29.) He concluded that plaintiff retained the RFC to perform simple, unskilled light work with limited social interaction through the date she was last insured. (R. 27.) Because plaintiff's PRW involved physical activities greater than her RFC, the Law Judge determined that plaintiff could not return to her

---

[1] The Law Judge found that plaintiff's last work date was contested. (R. 21.) Although there were medical notes showing that plaintiff worked in 2003, plaintiff denied their accuracy.

2

PRW.[2] (R. 30.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to testimony provided by the vocational expert, the Law Judge concluded that jobs such as a home health aide and a companion were representative of jobs available to her. (R. 30-31.) Thus, the Law Judge determined that plaintiff was not disabled under the Act. (R. 32.)

Plaintiff appealed the Law Judge's October 26, 2007 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 10-12.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner.

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge was required to give controlling weight to the opinion of her treating psychiatrist, Amy Alson, M.D. (Pl's Brief, pp. 12-21.) Plaintiff contends that Dr. Alson's retrospective opinion that she was precluded from meeting the demands of competitive employment prior to the expiration of her insured status should be given controlling weight because it is only contradicted by the State agency record reviewing psychologists, which would not constitute substantial evidence. (Pl's Brief, pp. 15-16.) The undersigned disagrees and finds there is substantial evidence to support the Law Judge's finding that plaintiff's mental impairments were not disabling prior to her date last insured.

"[A] treating physician may properly offer a retrospective opinion on the past extent of an impairment." *Wilkins v. Secretary,* 953 F.2d 93, 96 (4th Cir. 1991). It is a well-established

---

[2]Plaintiff's PRW was that of an unlicensed nurse's assistant in retirement and private homes. (R. 30.)

3

general principle that the evidence of a treating physician should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). However, when that physician's opinion is not supported by the objective medical evidence, or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir. 1996). Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005); *Craig,* 76 F.3d at 589.

Dr. Alson, a psychiatrist at the Charlottesville Free Clinic, began treating plaintiff on April 12, 2005, about seven months after the expiration of her insured status. (R. 295-296, 349.) Dr. Alson began treating plaintiff on a bi-monthly basis for post-traumatic stress disorder ("PTSD"), social phobia, major depression, and dysthmic disorder. (R. 349.) On November 16, 2006, Dr. Alson completed a Mental Functional Capacity Questionnaire in which she found that plaintiff was unable to meet competitive standards[3] in the following areas: maintaining regular attendance and being punctual within customary, usually strict tolerances; making simple work-related decisions; completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; and responding appropriately to changes in a routine work setting. (R. 351.) Dr. Alson opined that plaintiff's impairments, or treatment for her impairments, would cause her to miss, on an average, more than four days of work per month.

---

[3]According to the Questionnaire, "unable to meet competitive standards" means that the patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting. (R. 351.)

4

(R. 353.) Dr. Alson concluded that the limitations she had found to exist predated her contact with plaintiff. (*Id.*)

On June 19, 2007, Dr. Alson wrote a letter supplementing her treatment notes and the November 16, 2006 Questionnaire. (R. 355.) In that letter, the psychiatrist clarified how long plaintiff's psychiatric symptoms had existed by referring to the Charlottesville Free Clinic's notes relating back to June 21, 2001. She further noted that plaintiff began receiving psychotherapy at the clinic in September 2002, at which time plaintiff revealed that she had suffered an abusive childhood and a difficult early adulthood. Dr. Alson retrospectively opined as follows:

> While I did not evaluate her until 2005, it is likely that the symptoms and conditions for which I have treated Ms. Sullivan long predated my initial evaluation of her, and that she has suffered from symptoms of severe PTSD at least as far back as her request for therapy–and probably since early adulthood.

(*Id.*)

In assessing Dr. Alson's opinion evidence, the Law Judge did not dispute the psychiatrist's findings that coincided with her treatment. (R. 29.) However, the Law Judge was of the belief that it was speculative to relate back her severe PTSD symptoms to "at least as far back at her request for therapy–and probably since early adulthood." (*Id.*) The Law Judge noted that, even if that were the case, plaintiff had been able to work for many years. (*Id.*) He found that plaintiff's PTSD finally reached disabling proportions during 2005 when she began seeing Dr. Alson to address the effects of her childhood abuse. (R. 30.) The Law Judge noted that during this time plaintiff lost over fifty pounds, and her medical conditions worsened. (*Id.*) Thus, the Law Judge found that Dr. Alson's opinions as they related to the time period before

5

2005 were entitled to "little weight." (R. 29.)

The record reveals that Dr. Alson's opinion that plaintiff's mental impairments were disabling prior to her date last insured are inconsistent with the treatment records during the relevant time period. Treatment notes reveal that she was being treated with Effexor and that her symptoms were more controlled, her spirits were better, and her depression was "doing well" since taking the Effexor. (R. 138, 141, 145, 152.) There is nothing in these treatment notes to suggest that plaintiff's mental impairments were disabling to her at that time.

Dr. Alson's retrospective opinion is also inconsistent with the opinions offered by the State agency psychologists. On February 3, 2005, A. John Kalil, Ph.D. found that plaintiff suffered with depression and anxiety and that while her mental impairments might have been severe presently, at the time she was last insured, she had failed to demonstrate that her mental impairments were disabling. (R. 202.) Mary Eileen Cronin, Ph.D. affirmed Dr. Kalil's assessment. (R. 201, 202, 203.)

The non-medical evidence also conflicts with Dr. Alson's retrospective opinion that plaintiff's mental impairments were disabling. For example, there is evidence that plaintiff was working during this time. (R. 149, 165.) Also, during the relevant time period, plaintiff reported that she was caring for her one and two year old grandchildren on a *full-time* basis. (R. 141.)

In an effort to overcome the fact that plaintiff's medical notes made during the relevant time period do not express that she suffers with disabling mental impairments, plaintiff suggests that she did not share everything with her treating sources at the time. Plaintiff testified at her July 11, 2007 hearing that she didn't want them to write it all down as she was not sure who she could trust, and she feared they would put her some place if she was completely open and honest

6

about her feelings. (R. 418-419, 423.) However, this does not overcome plaintiff's burden of establishing disability and the fact that the medical records simply do not present a person suffering from disabling mental impairments prior to her date last insured.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

Date: June 23, 2009

7

Case 3:08-cv-00045-NKM-BWC   Document 18   Filed 06/23/09   Page 7 of 7   Pageid#: 86